# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0470V

| | |
|---|---|
| KAREN HOFFKEN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 28, 2024 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 3, 2023, Karen Hoffken filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On March 19, 2024, Petitioner filed an amended petition. Petitioner alleges that she suffered Guillain-Barre syndrome ("GBS") resulting from an influenza ("flu") vaccine received on September 3, 2021. Amended Petition at 1. Petitioner further alleges she received the flu vaccine in the United States, her injuries lasted more than six months, and neither Petitioner, nor any other party, has ever brought an action or received compensation in the form of an award or settlement for Petitioner's vaccine-related injuries. Amended Petition at ¶¶ 1, 32, 34, 35. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On March 19, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 27, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $275,461.02. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $275,461.02 (representing $235,000.00 in pain and suffering, $22,788.81 for past unreimbursable expenses, and $17,672.21 for past lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KAREN HOFFKEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 23-470V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 3, 2023, Karen Hoffken ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on September 3, 2021 (a "Table injury").[1] Petition at 1, 7. On March 15, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded for GBS.[2] ECF No. 35. The Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on March 19, 2024. ECF No. 39.

---

[1] Petitioner also received a human papillomavirus ("HPV") vaccine on the same date. Exhibit 13. On March 19, 2024, petitioner filed an amended petition alleging that only the flu vaccine caused her GBS. ECF No. 38.

[2] As respondent noted in the Rule 4(c) Report, GBS is not a Table injury for the HPV vaccine, and respondent denies that the HPV vaccine caused petitioner's GBS or any other injury or condition. ECF No. 35 at 1.

**I.     Items of Compensation**

    A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $235,000.00 in actual pain and suffering. Petitioner agrees.

    B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $22,788.81. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.     <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $17,672.21. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[3]: a lump sum payment of $275,461.02, representing

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

compensation for pain and suffering ($235,000.00), past unreimbursable expenses ($22,788.81), and past lost wages ($17,672.21), in the form of a check payable to petitioner, Karen Hoffken.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Karen Hoffken:     **$275,461.02**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  June 27, 2024